**WILSON TURNER KOSMO LLP**
ROBERT A. SHIELDS (206042)
ALEXI R. SILVERMAN (325660)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail:  rshields@wilsonturnerkosmo.com
E-mail:  asilverman@wilsonturnerkosmo.com
E-mail:  warrantyeservice@wilsonturnerkosmo.com

Attorneys for Defendant
FORD MOTOR COMPANY

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**04/05/2023** at 04:32:00 PM
Clerk of the Superior Court
By Armando Villasenor, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| MICHAEL D ROO, an individual, and MONICA ROO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  37-2023-00009766-CU-BC-CTL<br>**[IMAGED FILE]**<br><br>**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**<br><br>Complaint Filed:  March 8, 2023<br><br>Dept.:         C-69<br>Judge:        Hon.  Katherine Bacal<br>Trial Date:   Not set |

Defendant, FORD MOTOR COMPANY ("Defendant"), answers the unverified Complaint on file herein as follows:

Defendant answers the unverified Complaint on file herein pursuant to California Code of Civil Procedure section 431.30 by denying, generally and specifically, each, and every and all of the allegations contained in the Complaint and each and every part thereof, including each and every cause of action purportedly contained therein, and denies that Plaintiffs have or will sustain damages in the sum or sums referred to therein, or in any other sum or sums, or at all.

Defendant further answers the unverified Complaint on file herein and each and every purported cause of action contained therein by denying that Plaintiffs have sustained, or will sustain,

any damage in any sum at all by reason of the carelessness, negligence or other fault, act or omission on the part of this answering Defendant, its agents, servants or employees.

## AFFIRMATIVE DEFENSES TO THE COMPLAINT
## AND EACH ALLEGED CAUSE OF ACTION THEREOF

### FIRST AFFIRMATIVE DEFENSE
### (Disclaimer of Warranties)

Plaintiff's cause of action for breach of express warranty and incidental and consequential damages is barred by the express disclaimers and limitations of liability contained in the alleged express warranties.

### SECOND AFFIRMATIVE DEFENSE
### (Comparative Fault)

If Plaintiff sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by Plaintiff's failure to conduct himself in a manner ordinarily expected of a reasonably prudent person in the conduct of their affairs and business.  The contributory negligence and fault of Plaintiff diminishes any recovery herein.

### THIRD AFFIRMATIVE DEFENSE
### (Contributory Negligence of Third Parties)

If Plaintiff sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by persons and/or parties, other than this answering Defendant, by failing to conduct herself in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business.  Contributory negligence and fault of persons and/or parties, other than this answering Defendant, diminishes any recovery from this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Any cause of action alleged in the Complaint is barred by the statute of limitations, including, but not limited to, Code of Civil Procedure sections 337, 338, 338.1 and 340 and/or Commercial Code section 2725.

///

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

If Plaintiff sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by Plaintiff's failure to mitigate damages. Plaintiff's failure to mitigate damages diminishes any recovery herein.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant is informed and believes and based thereon alleges that Plaintiff has engaged in conduct and activities sufficient to estop them from asserting all or any part of the claims set forth in Plaintiff's Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant is informed and believe and based thereon allege that the claims and relief sought by Plaintiff are barred by reason of the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendant is informed and believes and based thereon alleges that Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract breach of warranty, negligence or any other conduct as set forth in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

Defendant is informed and believes and based thereon alleges that Plaintiff has waited an unreasonable period of time to complain of the alleged acts or omissions at issue in the Complaint so as to prejudice this answering Defendant. Plaintiff is therefore guilty of laches and is barred from recovery.

///

///

///

## TENTH AFFIRMATIVE DEFENSE

### (Failure of Performance)

Defendant is informed and believes and based thereon alleges that any failure to perform the obligations as described in the Complaint resulted from Plaintiff's failure to perform as required by the contract and/or warranty. Plaintiff's performance was a condition precedent to the performance of Defendant's obligations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Alteration of Product)

The vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody and control of Defendant. Any alleged damage or defect to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale by persons other than Defendant or any of their agents, servants, or employees, thereby barring Plaintiff's recovery herein.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action for Civil Penalties)

The Complaint fails to state sufficient facts to warrant the imposition of civil penalties because it was believed that replacement or repurchase of the subject vehicle was not appropriate under the circumstances then known.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Civil Penalties)

Any cause of action alleged in the Complaint seeking civil penalties is barred by the statute of limitations contained in the Code of Civil Procedure, specifically, section 340.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

The repair process to Plaintiff's vehicle was appropriate and proper and is believed to have been done with Plaintiff's consent.

///

///

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Abuse or Failure to Maintain)

Plaintiff is barred from recovery by virtue of Civil Code section 1794.3 since the claimed defect or nonconformity was caused by the unauthorized or unreasonable use of the vehicle following sale.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Civil Code 1791.1(c)-Implied Warranty)

Each and every cause of action based upon breach of implied warranty is barred by virtue of Civil Code section 1791.1(c).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Reasonable Opportunity to Repair)

Plaintiff is precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act as Plaintiff failed and refused to provide a reasonable opportunity to repair.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Qualified Third-Party Dispute Resolution Process)

Defendant maintains a third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Defendant is informed and believes, and based thereon alleges, that Plaintiff received timely and appropriate notice of the availability of the process. Plaintiff is therefore barred from asserting the presumptions set forth in Civil Code section 1793.2 and from recovering civil penalties pursuant to Civil Code section 1794(e).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Notice)

Defendant is informed and believes, and based thereon alleges, that Plaintiff failed to provide notice to this answering Defendant pursuant to Civil Code section 1794(e)(3). Plaintiff is therefore barred from asserting the presumptions set forth in Civil Code section 1793.22 and from recovering civil penalties pursuant to Civil Code section 1794(e).

///

///

## TWENTIETH AFFIRMATIVE DEFENSE

### (Right to Arbitrate)

Defendant is informed and believes, and based thereon alleges, that Plaintiff entered into a binding arbitration agreement with Defendant Ford and/or the dealership from which Plaintiff purchased the vehicle. Defendant, therefore, may elect to exercise its right and pursue resolution of this dispute through arbitration.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

Because Plaintiff cannot establish any physical injury directly resulting from any alleged defect or nonconformity in the subject vehicle, Plaintiff's claims are barred in whole or in part by the economic loss rule.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Prevention of Performance)

Because Plaintiff's actions both prevented and excused Defendant's performance under the Song-Beverly Act and any and all applicable warranties, Plaintiff's claims are barred in whole or in part by the prevention of performance doctrine.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Other Defenses)

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves herein the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

///
///
///
///
///
///

**PRAYER**

WHEREFORE, Defendant FORD MOTOR COMPANY prays as follows:

1. That Plaintiff takes nothing by way of their Complaint on file herein;

2. That judgment be entered in favor of Defendant for costs of suit; and,

3. For such other and further relief as the Court may deem just and prosper.

Dated:    April 5, 2023              **WILSON TURNER KOSMO LLP**

By: _____
Robert A. Shields
Alexi R. Silverman
Attorneys for Defendant
FORD MOTOR COMPANY

# PROOF OF SERVICE

*Michael D. Roo, et al. v. Ford Motor Company*

Case No.: 37-2023-00009766-CU-BC-CTL

I, the undersigned, declare as follows:

I am employed with the law firm of WILSON TURNER KOSMO LLP, whose address is 402 West Broadway, Suite 1600, San Diego, California 92101.  I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

On April 5, 2023, I served the following document(s), bearing the title(s):

1. **DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

Addressed as follows, in the manner listed below:

| Kevin Y. Jacobson<br>Jason Roberge<br>Quill & Arrow, LLP<br>10900 Wilshire Boulevard, Suite 300<br>Los Angeles, CA 90024 | Attorneys for Plaintiffs,<br>*Michael D. Roo and Monica Roo*<br><br>Tel: (310) 933-4271<br>Fax: (310) 889-0645<br>Email: kjacobson@quillarrowlaw.com<br>Email: jroberge@quillarrowlaw.com<br>Email: e-service@quillarrowlaw.com |
|---|---|

☒ (By **E-MAIL OR ELECTRONIC TRANSMISSION**) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (By **OVERNIGHT CARRIER – NEXT DAY DELIVERY**) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed it to the person listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 5, 2023 at San Diego, California.

*/s/ Chelsie M Hughes*
_____
Chelsie Hughes